UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ROBERT L. HOLLOWAY,
Petitioner-Appellant,

v.

WILLIAM L. SMITH, Warden; THE
ATTORNEY GENERAL OF THE STATE OF
MARYLAND,
Respondents-Appellees.

No. 95-7737

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Andre M. Davis, District Judge.
(CA-94-3155-AMD)

Submitted: February 13, 1996

Decided: April 8, 1996

Before WILKINS and LUTTIG, Circuit Judges, and BUTZNER,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Robert Holloway, Appellant Pro Se. John Joseph Curran, Jr., Attorney
General, Ann Norman Bosse, OFFICE OF THE ATTORNEY GEN-
ERAL OF MARYLAND, Baltimore, Maryland, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

The Appellant, Robert Holloway, appeals from the district court's order denying relief on his second 28 U.S.C. § 2254 (1988) petition. The district court dismissed the action without prejudice to allow Holloway to refile this habeas petition if the state has not corrected its sentencing error before he has satisfied the legal component of his sentence and is illegally detained on an excessive consecutive sentence.

Peyton v. Rowe[1] allows Holloway to attack his future sentence now because a prisoner serving the first of two consecutive sentences is "in custody" under the aggregate term of imprisonment which encompasses the future as well as the present sentence. [2] While the evidence shows and the state concedes that Holloway received a sentence longer than the law allows, McCleskey v. Zant, 499 U.S. 467 (1991), bars Holloway's claim even though Peyton v. Rowe allows Holloway to attack his future consecutive sentence. The Supreme Court held that the determination of whether a successive petition was abusive should be analyzed by the same standards as a procedural default,[3] thus Holloway must make a showing of cause and prejudice or a colorable showing of factual innocence. Holloway does not meet the cause and prejudice standard because unfamiliarity with the law and his pro se status do not constitute adequate justification to excuse his failure to present the claim earlier,[4] nor does Holloway assert a colorable claim of innocence. If Holloway could produce evidence of his innocence then he would be entitled to a review on the merits of his claim. In conclusion, Holloway could challenge the legality of a future sentence

_____

[1] Peyton v. Rowe, 391 U.S. 54 (1968).
[2] Id. at 64-65.
[3] McCleskey v. Zant, 499 U.S. 467, 493-96 (1991).
[4] Miller v. Bordenkircher, 764 F.2d 245, 251-52 (4th Cir. 1985).

2

that he has not begun to serve but for the bar imposed by <u>McCleskey v. Zant</u>.

Accordingly, we affirm the decision of district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3